# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **LESLIE B. MONDUL,** | |
| Plaintiff, | Case No. 1:19CV00004 |
| v. | **OPINION AND ORDER** |
| **BIOMET, INC., ET AL.,** | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*Mary Lynn Tate, Tate Law PC, Abingdon, Virginia, for Plaintiff; Dabney J. Carr, IV, Troutman Sanders LLP, Richmond, Virginia, and Matthew T. Albaugh and Erica K. Drew, Faegre Baker Daniels LLP, Indianapolis, Indiana, for Defendants.*

In this diversity action, plaintiff Leslie B. Mondul brings claims of negligence, gross negligence, and breach of express and implied warranty arising out of a hip replacement surgery in which an allegedly defective device designed, manufactured, marketed, and sold by the defendants was implanted in her hip. Among other things, she seeks $20 million in punitive damages. One of the defendants, Zimmer Biomet Holdings, Inc., has moved to dismiss the Complaint against it for lack of personal jurisdiction. All of the defendants have moved to dismiss or strike the claim for punitive damages. For the reasons that follow, I will grant both motions.

I.

The relevant facts are contained in the Complaint and in the defendants' motions and accompanying briefs and exhibits.

On or about January 11, 2010, in Johnston Memorial Hospital in Abingdon, Virginia, plaintiff Leslie B. Mondul underwent a right total hip replacement surgery in which a M2A Magnum metal-on-metal implant was placed in her right hip joint. Mondul alleges that the implant was defectively designed and manufactured, and as a result, it caused her severe pain, cardiac damage, tissue damage, bone damage, pseudo tumors, and carbon and chromium intoxication, among other things. On March 16, 2017, Mondul underwent surgery to remove the M2A Magnum implant and replace it with a different device.

Mondul alleges that until June 2015, the M2A Magnum implant was designed, manufactured, marketed, and sold by defendant Biomet, Inc. and its wholly owned subsidiaries, Biomet Orthopedics, LLC; Biomet U.S. Reconstruction, LLC; and Biomet Manufacturing Corp. She alleges that in June 2015, Zimmer Biomet Holdings, Inc. ("Zimmer") purchased Biomet, Inc. "and/or" merged Biomet, Inc. with Zimmer Inc. Compl. 3, ECF No. 1.[1] She alleges that after June 2015, Zimmer directed and controlled all activities relating to the M2A Magnum implant.

---

[1] Zimmer Inc. is not a named defendant.

In her Complaint, Mondul brings claims of negligence, gross negligence, and breach of express and implied warranty. Among other things, she seeks $20 million in punitive damages. Zimmer, a Delaware corporation with its principal place of business in Indiana, has moved to dismiss the Complaint against it for lack of personal jurisdiction. All of the defendants have moved to dismiss the claim for punitive damages, or in the alternative, to strike the claim to the extent it exceeds Virginia's statutory cap on punitive damages. The motions are ripe for decision.

II.

A. Personal Jurisdiction.

In order for a court to exercise personal jurisdiction over a nonresident defendant, two requirements must be met. *Owens-Illinois, Inc., v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 627 (4th Cir. 1997). First, a statute must authorize service of process on the non-resident defendant. *Id.* Second, the service of process must comport with the Due Process Clause. *Id.* Where the state statute authorizing service of process is coextensive with the Due Process Clause, the two requirements merge, and the proper inquiry is whether exercising personal jurisdiction comports with the Due Process Clause. *Id.* at 627–28. Virginia's long-arm statute providing for service of process extends personal jurisdiction to the extent permitted by the Due Process Clause. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002). Thus, the proper inquiry here is whether

exercising personal jurisdiction over Zimmer comports with the Due Process Clause.

"A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The standard for determining whether this requirement is met depends on whether the plaintiff seeks to establish specific or general personal jurisdiction. *See id.*

Specific jurisdiction exists where the defendant's contacts with the forum state provide the basis for the suit. *Id.* To determine if specific jurisdiction exists, courts consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).[2]

If the defendant's contacts with the forum state are not the basis for the suit, personal jurisdiction must arise from "the defendant's general, more persistent, but

---

[2] I have omitted internal quotation marks, alterations, and citations throughout this opinion unless otherwise indicated.

unrelated contacts with the state." *Carefirst of Md., Inc.*, 334 F.3d at 397. General jurisdiction exists when the defendant's "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). When the defendant is a corporation, "the paradigm forum for the exercise of general jurisdiction" is its place of incorporation and principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

When a district court rules on a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing or deferring ruling pending receipt at trial of evidence on the jurisdictional issue, the plaintiff need only make a prima facie showing of a sufficient jurisdictional basis in order to survive the motion to dismiss. *Owens-Illinois, Inc.*, 124 F.3d at 628. "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*

Here, Zimmer argues that Mondul cannot establish specific or general personal jurisdiction. With respect to specific jurisdiction, Zimmer argues that it had no connection to the M2A Magnum device implanted in Mondul in January 2010. Specifically, Zimmer asserts that it did not design, manufacture, promote, or

sell the implant at issue, and it had no ownership or control over Biomet, Inc. or its subsidiaries at the relevant time.

I find that Mondul has not sufficiently made a prima facie showing of the existence of specific personal jurisdiction over Zimmer. Mondul has not shown that any contacts with Virginia by Zimmer provide the basis for her Complaint. Instead, Mondul's claims arise out of the use of the M2A Magnum in her hip replacement surgery in 2010, and Zimmer did not have ownership or control over Biomet, Inc. and its subsidiaries until June 2015. Thus, I cannot find that Mondul's claims arise out of any activity by Zimmer in Virginia or that exercising specific personal jurisdiction would be constitutionally reasonable.

With respect to general jurisdiction, Zimmer has shown that it is a Delaware corporation with its principal place of business in Indiana, and thus it is not essentially at home in Virginia. Zimmer also notes that "it is generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005).

I find that Mondul has also failed to present a prima facie showing of the existence of general jurisdiction over Zimmer. Zimmer is not incorporated in Virginia, nor does it have its principal place of business in the state.[3] Moreover,

---

[3] Zimmer also alleges that it is not registered to do business in Virginia, but in any event, "the application to do business and the appointment of an agent for service to fulfill a state law requirement is of no special weight" when the facts do not otherwise

Mondul has not alleged any facts showing that Zimmer's contacts with Virginia are constant and pervasive. Although Mondul alleges that all the defendants were agents of each other when carrying out the activities at issue, this could not have been true of Zimmer until after June 2015. Moreover, Mondul's general allegations that the defendants "met with orthopedic surgeons in cities throughout the United States to promote the M2A Magnum" and they published marketing brochures that "were given to doctors around the world to encourage them to use the M2A Magnum" are insufficient to support a finding of general jurisdiction over Zimmer in Virginia. Compl. ¶¶ 19, 22, ECF No. 1. Even inferring that some of this conduct occurred after June 2015 and in Virginia, these allegations are insufficient to make a prima facie showing of constant and pervasive contacts in Virginia by Zimmer.

B. Punitive Damages.

In Virginia, to sustain a claim for punitive damages in a personal injury case, the plaintiff must demonstrate "negligence which is so willful or wanton as to evince a conscious disregard of the rights of others, or malicious conduct." *Blakely v. Austin-Weston Ctr. for Cosmetic Surgery L.L.C.*, 348 F. Supp. 2d 673, 678–79

---

show constant and pervasive contacts with the state. *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971).

(E.D. Va. 2004).[4]  Virginia law provides that "[i]n no event shall the total amount awarded for punitive damages exceed $350,000." Va. Code Ann. § 8.01-38.1.

Although I find that the Complaint alleges sufficient facts in support of the punitive damages claim at this stage, the $20 million demand exceeds the statutory cap imposed by Virginia law.  It is appropriate to strike claimed punitive damages to the extent they exceed Virginia's statutory cap of $350,000.  *Worley v. KIA Motors Am., Inc.*, No. 1:01CV00102, 2001 WL 1517158, at *1 (W.D. Va. Nov. 28, 2001).[5]

### III.

For the foregoing reasons, it is **ORDERED** as follows:

1. Defendant Zimmer Biomet Holdings, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 8, is GRANTED and the claims against

---

[4] In this diversity action, Virginia law applies.

[5] State statutory caps on damages are substantive law that applies in federal courts sitting in diversity. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428–29 (1996). However, the procedure for pleading damages in diversity cases is governed by the Federal Rules of Civil Procedure. *Univ. Med. Assocs. of Med. Univ. of S.C. v. Unum Provident Corp.*, 335 F. Supp. 2d. 702, 709 (D.S.C. 2004).  Thus, while there are state trial court decisions that hold that the punitive cap pertains only to the amount that may be ultimately recovered, and does not preclude the amount sought in a complaint, s*ee, e.g.*, *Fid. Nat'l Title Ins. Co. v. Wash. Settlement Grp., LLC*, 87 Va. Cir. 77, 95 (Va. Cir. Ct. 2013), I do not find these opinions persuasive.  If an element of damages cannot be legally recovered, it cannot be pleaded.  *See Mitchell v. Lydall, Inc.*, No. 93-1374, 1994 WL 38703, at *4 (4th Cir. Feb. 10, 1994) (unpublished) (holding that district court did not err in striking claim for punitive damages where complaint failed to state a claim in tort under state law and state law precluded independent claims for punitive damages).

said defendant are DISMISSED without prejudice. The Clerk shall terminate this defendant on the docket;

2. The defendants' Motion to Dismiss, or Alternatively Motion to Strike, Plaintiff's Punitive Damages Claim, ECF No. 10, is GRANTED; and

3. Any claim in the Complaint for punitive damages exceeding $350,000 is stricken.

ENTER: June 26, 2019

/s/ *James P. Jones*
United States District Judge